UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**BRIAN DOROW,**                    )
       **Plaintiff,**                 )
                                    )
       v.                           )     CIVIL ACTION
                                    )     NO. 16-11497-TSH
**NANCY A. BERRYHILL,**[1]          )
**Acting Commissioner of Social Security** )
**Administration,**                 )
                                    )
       **Defendant.**                 )
_____ )

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER (Docket No. 18) AND DEFENDANT'S MOTION TO AFFIRM THE COMMISSIONER'S DECISION (Docket No. 22)**
**March 30, 2018**

HILLMAN, D.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "SSA") denying the application of Brian Dorow ("Plaintiff") for Social Security Disability Insurance Benefits. Plaintiff filed a motion (Docket No. 18) seeking a reversal of the Commissioner's decision. The Commissioner filed a cross-motion seeking an order affirming the decision of the Commissioner (Docket No. 16).[2] For the reasons set forth below, Defendant's motion is ***granted*** and Plaintiff's motion is ***denied***.

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn W. Colvin. See Fed. R. Civ. P. 25(d). On March 6, 2018, the Government Accountability Office determined that as of November 17, 2017, her status violated the Federal Vacancies Reform Act of 1988, 5 U.S.C. § 3349(b). It appears that until a new Acting Commissioner is named, or a permanent Commissioner approved, Ms. Berryhill will continue to lead the SSA in her position as Deputy Commissioner. For ease of reference, I will refer to her as the "Commissioner."

[2] A transcript of the Social Security Administration Official Record (*"Tr."*) has been filed with the court under seal. (Docket No. 14). Citations to the AR page numbers are those assigned by the agency and appear on the lower right hand corner of each page.

# **Discussion**

The parties are familiar with the factual history of this case, the standard of review, and the applicable five-step sequential analysis. Accordingly, the court will review the procedural and substantive history of the case as it relates to the arguments set forth by the Plaintiff.

Plaintiff applied for DIB and SSI on November 13, 2013 (Tr. 77, 78). He alleged disability beginning July 18, 2008, due to severe anxiety, depression, back pain, and high blood pressure (Tr. 233, 237). His applications were denied initially and upon reconsideration (Tr. 77–78, 97–98). After a March 2, 2015 hearing, the ALJ issued an unfavorable decision on April 16, 2015 (Tr. 10, 26). The Appeals Council declined to review, and the ALJ's decision became final on June 15, 2016 (Tr. 1). Plaintiff has exhausted his administrative remedies, and this case is now ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3)

## *The ALJ's Findings*

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 18, 2008, his alleged onset date (Tr. 16). At step two, the ALJ found Plaintiff had the following severe impairments: affective disorder; anxiety disorder; cannabis abuse (Tr. 16). At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal any condition in the Listing of Impairments (Tr. 16). Next, the ALJ found Plaintiff had the following RFC:

> [T]he claimant has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant must perform unskilled tasks, work with simple work-related decisions and few workplace changes. The claimant can tolerate minimal interaction with the general public and occasional interaction with co-workers and supervisors.
> (Tr. 18).

At step four, the ALJ found Plaintiff able to perform past relevant work as a packager (Tr. 20). Accordingly, the ALJ found Plaintiff not disabled (Tr. 21).

In seeking to reverse the decision, Plaintiff argues that the ALJ erred because the he did not properly rely on opinion evidence in forming Plaintiff's Residual Functional Capacity (RFC) did not match a single expert's opinion, specifically that the RFC did not contain any limitations relating to Plaintiff's alleged deficits in pace, to which Plaintiff testified and Dr. Carter noted. Plaintiff also contends that the ALJ erred by failing to consider a determination by the Commonwealth of Massachusetts that Plaintiff was disabled for purposes of receiving Emergency Assistance to the Elderly, Disabled, and Children ("EAEDC") benefits.

*Failure to Consider Pace Limitation in RFC Assessment*

An RFC assesses what a claimant "can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416. 945(a). The claimant has the burden of providing evidence to establish how her impairments limit her RFC. *Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001). It is the duty of the ALJ to determine a claimant's RFC based upon the entire record. *See* 20 C.F.R. §§ 404.1545, 404.1546. In assessing an RFC, the ALJ can "piece together the relevant medical facts from the findings and opinions of multiple physicians." *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 144 (1st Cir. 1987).

Plaintiff argues that the ALJ erred because he ignored medical evidence and the opinions of state agency consulting physicians and did not assess more limitations to his RFC to account for Dr. Carter's opinion on Plaintiff's speed on the issue of pace. Plaintiff also contends that the ALJ was bound by Dr. Carter's opinion. He asserts, "Dr. Carter was the only acceptable medical source to provide an opinion concerning [Plaintiff's] abilities with respect to productivity and

speed, i.e., persistence and pace," and therefore, it was error for the ALJ to form the RFC absent a reference to Plaintiff's pace absent contradicting medical evidence.

In his decision, the ALJ twice makes reference to Dr. Carter's assessment from March 2014, noting Dr. Carter's mention of speed of performance on the job. The ALJ found that the Plaintiff's alleged symptoms and the severity of them taken largely from his recent testimony and is not entirely supported by the medical evidence or record; he has received little in the way of actual treatment. (Tr. 19-20). While the ALJ in fact noted the Plaintiff's alleged productivity and speed issues, he did not find them to be supported by the record and accordingly, afforded them only moderate weight.[3] (Tr. 20). An ALJ is expected to be guided by a physician's or other expert analysis of the claimant's functional capacity, "unless the claimant has such minimal impairment that it obviously poses no significant restriction, obviating the need for a medical assessment of RFC." *Manso-Pizarro v. Sec. of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996). Accordingly, the RFC was supported by substantial evidence.

*EAEDC Disability Determination*

Plaintiff next argues that the RFC is not supported by substantial evidence because the ALJ impermissibly failed to consider the decision by a Massachusetts aid program, the Emergency Aid to the Elderly, Disabled, and Children (EAEDC) Program determinations that

---

[3] A moderate concentration limitation in the paragraph B functional areas may be consistent with an ability to do simple tasks or unskilled work. A finding of moderate limitations in maintaining concentration, persistence, or pace, does not necessarily preclude the performance of unskilled work. *See Falcon–Cartagena v. Comm'r of Soc. Sec.,* 21 Fed. Appx. 11, 14, 2001 WL 1263658, at *2 (1st Cir. Oct.11, 2001) (noting that moderate limitations in areas of mental functioning only marginally affect occupational base for unskilled work); *Ortiz v. Sec'y of Health & Human Servs.,* 890 F.2d 520, 527 (1st Cir. 1989) (upholding ALJ's reliance on the Grid in evaluating "moderate" limitations as to attention and concentration); *Viveiros v. Astrue,* 2009 WL 196217, at *7 (D.R.I. Jan.23, 2009) (stating that "the Court is unpersuaded that the moderate and mild mental limitations Plaintiff cites would significantly impact the number of unskilled jobs the VE identified"). Moreover, in making an RFC finding, an ALJ is entitled to "piece together the relevant medical facts from the findings and opinions of multiple physicians." *Evangelista v. Sec'y of Health & Human Servs.,* 826 F.2d 136, 144 (1st Cir. 1987) ("The basic idea ... that there must always be some superevaluator, a single physician who gives the fact finder an overview of the entire case-is unsupported by the statutory scheme.").

4

Plaintiff was disabled. An ALJ is "required to evaluate all the evidence in the case record that may have a bearing on [its] determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p, 2006 WL 2329939. However, a disability determination made by another governmental or nongovernmental agency is not binding on the SSA "[b]ecause the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner" and "because other agencies may apply different rules and standards than [the SSA] for determining whether an individual is disabled," which "may limit the relevance of a determination of disability made by another agency." *See id.*

Two EAEDC decisions found Plaintiff disabled for periods of less than a year and the ALJ specifically noted these opinions, but correctly noted he was not bound by them (Tr. 20). 20 C.F.R. §§ 404.1504, 416.904. Indeed, other agencies use different rules, in this case, less stringent rules, rendering their decisions unhelpful in a Social Security disability case.[4] *Id*. There was no error in not adopting these decisions.

From the record, it is clear that the ALJ determined Plaintiff's RFC by considering all of the medical evidence available to him and incorporated appropriate limitations based on those conditions. It is left to an administrative law judge to resolve conflicts in evidence and, where

---

[4] EAEDC decisions only found Plaintiff disabled for periods of less than 12 months (Tr. 399, 575). Under Social Security disability rules, a claimant must be disabled for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909 ("Unless your impairment is expected to end in death, it must have lasted or must be expected to last for a continuous period of at least 12 months."). Thus, even if the ALJ had fully adopted these two decisions, it would have had no effect on the case's outcome. In short, Plaintiff has not shown harm from this alleged error.

5

such determinations are supported by the record, they are to be affirmed. *See Hill v. Astrue*, 2012 EL 5830707, at *6 (D. Mass. 2012). *See also Rodriquez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("We must uphold the Secretary's findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.") Because the Court finds that the ALJ's findings were supported by substantial evidence, the Commissioner's decision will be affirmed.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Reverse Decision of the Commissioner (Docket No. 18) is ***denied*** and Defendant's Motion for Order Affirming the Commissioner's Decision (Docket No. 22) is ***granted***.

**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE